IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 3:21-CR-39 (TES) |
| RICHARD CORNELIUS, a/k/a "RICH" | : |
| Defendant | : |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on January 24, 2024, Defendant Richard Cornelius, a/k/a "Rich" (hereinafter "Cornelius" or "Defendant"), pled guilty to Count One of the Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II);

AND WHEREAS, as part of the Plea Agreement, the Defendant consented to the forfeiture of certain property;

AND WHEREAS, the Superseding Indictment contained a detailed Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 21, United States Code, Section 853, of specific property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), including, but not limited to the following:

**CURRENCY**

A. United States currency in the amount of ten thousand, four hundred twenty-eight dollars ($10,428.00).

**VEHICLE**

A. One (1) 2018 Chevrolet Silverado, VIN: 1GC1KWEY1JF193239;

AND WHEREAS, on March 25, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the Government's Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture;

AND WHEREAS, information provided to the U.S. Attorney's Office by the Federal Bureau of Investigation revealed that the 2018 Chevrolet Silverado had already been administratively forfeited;

AND WHEREAS, on May 6, 2024, the United States filed a Motion requesting the Court to enter an Amended Preliminary Order to include only the currency subject to forfeiture in this action;

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the listed currency; (2) that the listed currency is subject to forfeiture pursuant to 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the listed currency.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court's Preliminary Order of Forfeiture entered on March 25, 2024, is hereby VACATED, and this Amended Preliminary Order of Forfeiture is entered in its place.

2. Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the currency and the offense(s) of conviction and the following currency is hereby forfeited to the United States:

**CURRENCY**

A. United States currency in the amount of ten thousand, four hundred twenty-eight dollars ($10,428.00).

3. Upon the entry of this Amended Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the currency, and to conduct any discovery that may assist in identifying, locating or disposing of the currency, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Amended Order.

4. The United States shall publish notice of the Amended Order and its intent to dispose of the currency in such a manner as the United States Attorney General (or his

designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the currency.

5. Any person, other than the above-named Defendant, asserting a legal interest in the currency must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the currency, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Amended Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third-party files a timely claim, this Amended Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

7. Any petition filed by a third-party asserting an interest in the currency shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the currency, the time and circumstances of the petitioner's acquisition of the right, title or interest in the currency, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the

Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the currency following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Amended Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this __8th__ day of __May__, 2024.

    s/Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA


PREPARED BY:

PETER D. LEARY
UNITED STATES ATTORNEY


/s/ Michael P. Morrill
MICHAEL P. MORRILL
Assistant United States Attorney
Georgia Bar No.: 545410

5